```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF PENNSYLVANIA

                                    )
JOHN E. FELGAR,                     )
                                    )
            Plaintiff               )   Civil Action No. 06-1450
                                    )
      vs.                           )   Judge Arthur J. Schwab/
                                    )   Magistrate Judge Amy Reynolds Hay
FRED D. HUMMEL,                     )
                                    )
            Defendant               )
```

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

### REPORT

John E. Felgar ("Plaintiff") is currently incarcerated at the Clinton County Correctional Facility in McElhatten, Pennsylvania, which is located in the Federal District Court for the Middle District of Pennsylvania. This civil rights action case was originally filed in that Court which transferred the case to this court. Doc. 8, part 1. That Court granted Plaintiff's in forma pauperis motion. Doc. 8, part 1 at 3. Plaintiff seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue Fred D. Hummel, his court appointed counsel, who also appears to be one of the public defenders in Jefferson County. Doc. 8, part 1 at 1 ("Named as the sole defendant is Fred D. Hummel, Jefferson County Public

Defender."). Plaintiff alleges in his complaint that he is "ASSERTING A PROFESSIONAL LIABILITY CLAIM AGAINST THIS DEFENDANT." Doc. 8, part 2 at 3. The complaint alleges that Defendant Hummel "SHOULD HAVE DECLINED HIS APPOINTED REPRESENTATION" due to a conflict of interest. Id. Plaintiff further alleges that the "DEFENDANT[']S DELIBERATE INEFFECTIVENESS IN HIS PRIOR APPOINTED REPRESENTATION AND IN THE CURRENTLY APPOINTED REPRESENTATION IS THE EQUIVALENT OF LEGAL MALPRACTICE WHERE THE DEFENDANT HAS INTENTIONALLY EXPLOITED HIS LEGAL SERVICES IN SIDING WITH THE COMMONWEALTH TO CONVICT HIS CLIENT, THE PLAINTIFF." Id., part 2 at 3-4. Plaintiff further alleges that the "DEFENDANT[']S CURRENT ACTIONS ARE IN A RETALIATORY NATURE IN CONSPIRING WITH JEFFERSON COUNTY OFFICIALS TO MALICIOUSLY USE THEIR PROCEDURES AND TACTICS TO CONVICT THE PLAINTIFF ON THE CURRENT CHARGES BY CONTINUING TO DENY THE PLAINTIFF HIS CONSTITUTIONAL RIGHTS AT THE PRELIMINARY HEARING OF JULY 6,2006, [sic] AND IN REFUSING TO REPRESENT HIS CLIENT, THE PLAINTIFF[']S BEST INTERESTS. Id., part 2 at 4. By way of relief Plaintiff seeks monetary damages, both compensatory and punitive.

**A. Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir.

1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that- (A) the allegation of poverty is untrue;  or  (B) the action or appeal- (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[1]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e). See, e.g., Lloyd v.

United States, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.")(some internal quotations omitted). Neither

5

does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988(9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

Dismissal is proper under Rule 12(b)(6) where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

### B. Discussion

#### 1. Hummel does not act under color of state law

In order to state a claim under 42 U.S.C. § 1983, the complaint must reveal that (1) the challenged conduct was committed by a person acting under color of state law and (2) that the conduct infringed on Plaintiff's federal rights. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff's complaints against Fred Hummel, the Public Defender, fail to state a claim because the acts of the Public Defender are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

In Polk County, a convict sued his public defender appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983 claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law. Id. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." Id. at 325. Likewise here, the complaint reveals liability premised only upon the public defender's actions or inactions in connection with performing a lawyer's traditional functions as counsel to the criminal defendant. An attorney's failures to act, as well as his affirmative actions in the course of representing a criminal defendant fall within Polk County's ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and, thus, are not accomplished "under color of state law." See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992) ("This principle [i.e., public defenders are not state

actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"). See also Williamson v. Brooks, 215 F.3d 1331 (Table), 2000 WL 431542, at *1 (7th Cir. April 21, 2000)(even allegation re overbilling and improper withdrawal as opposed to actions in connection with representation in the courtroom comes withing Polk's ambit). Indeed, even accusations of malfeasance[2] in the course of representing a criminal defendant are not enough to render the actions of the attorney cognizable in a Section 1983 suit. See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989)("Consequently [plaintiff] Ponchik's allegations of malfeasance on [Attorney] Cloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails to allege a proper cause of action under Section 1983 against the public defender the complaint should be dismissed.

To the extent that Plaintiff's allegations about Defendant Hummel conspiring with Jefferson County Officials are other than

---

[2] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

conclusory allegations,[3] such allegations could render Hummel a state actor.[4]  The complaint must be dismissed nevertheless because Hummel is entitled to absolute immunity.

**2. Public Defenders are absolutely immune from suit**

The Court of Appeals for the Third Circuit has long held that "public defenders and court appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983."  Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982), *abrogation on other grounds recognized in,* D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364 (3d Cir. 1992).  Hence Hummel, as the public defender and/or as Plaintiff's court appointed counsel, is entitled to absolute immunity from suit.  Accordingly, the complaint must be dismissed.

---

[3]  Durham v. City and County of Erie, 171 Fed. Appx. 412, 415 (3d Cir. 2006)("Under the notice-pleading standard, a complaint must include more than 'conclusory allegations of concerted action . . . .' *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998).  It must also contain at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn.").

[4] See, e.g., Durham v. City and County of Erie, 171 Fed. Appx. at 415 ("a public defender is not a state actor for the purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  However, defense counsel may be sued under § 1983 if he conspires with a state actor");  Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir. 1985) (essentially, a private party can be liable under § 1983 if "state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights.").

### 3. <u>**Heck**</u> **bars this suit**

Alternatively, in light of Plaintiff's allegation that Attorney Hummel has conspired together with Jefferson County to maliciously use their procedures to convict Plaintiff on the current charges, Plaintiff's claims against Defendant Hummel are barred by the rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit unless the conviction, has, in effect, been overturned.

In <u>Heck</u>, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. <u>Heck</u>, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

If Plaintiff were successful in his claim in the complaint that Defendant Hummel has conspired with "JEFFERSON COUNTY OFFICIALS TO MALICIOUSLY USE THEIR PROCEDURES AND TACTICS TO CONVICT THE PLAINTIFF ON THE CURRENT CHARGES[,]" Doc. 8, part 2 at 4, such a claim would necessarily call his conviction into question. See, e.g., Abella v. Rubino, 63 F.3d 1063, 1064, 1065 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] 'would necessarily imply the invalidity of his conviction.'"); Zhai v. Cedar Grove Municipality, 183 Fed.Appx. 253, 255 (3d Cir. 2006) (Nonprecedential)("Zhai's conspiracy claims under 42 U.S.C. §§ 1985-1986 are based on her allegation that the officers, prosecutor, and judge conspired to bring false charges to secure a release for any civil liability resulting from the incident. However, these claims are barred, along with her challenges to the guilty plea itself, by *Heck v. Humphrey*"). Hence, because Plaintiff's claims necessarily call into question the validity of the charges against him, his claims must be dismissed under Heck.

The Heck bar applies notwithstanding the fact, of which this court takes judicial notice,[5] that there is no conviction as of yet in the Driving Under the Influence criminal charge, and the rest of the related charges, which are pending against the Plaintiff as of the writing of this report. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996)("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983.").

Accordingly, for any or all of the foregoing reasons, the complaint should be dismissed.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are

---

[5] The Court takes judicial notice of the criminal dockets of the Jefferson County Court of Common Pleas which reveals that Plaintiff stands accused of, *inter alia*, Driving Under the Influence, in Commonwealth v. Felgar, No. CP-33-CR-0000262-2006. Those dockets reveal that as of November 6, 2006, the Jury was scheduled to be selected. In addition, those dockets show that "Fred D. Hummel, Jr., Esq. Public Defender" is the attorney representing Plaintiff. Those dockets are available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200254517&arch=0&ST=11/6/2006%204:16:22%20PM

allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated: 13 November, 2006

cc:   The Honorable Arthur J. Schwab
      United States District Judge

      John E. Felgar
      Clinton County Correctional Facility
      Post Office Box 419
      McElhatten, PA 17748